## INDUST COMM v CHAMBERS

Ohio Appeals, 6th Dist, Sandusky Co

No 211, Decided April 1, 1929

Gilbert Bettman, Atty Gen and R R Zurmehly, Columbus, for Commission.
L K Chambers, Genoa, for Chambers.

RICHARDS, J.

The Industrial Commission contends that the claimant has had compensation for all the impairment of earning power which he suffered. The evidence discloses that the claimant was left handed and that the injuries to the fingers of that hand were very severe, necessitating several operations on different fingers. After these surgical operations infection set in and continued upward beyond the amputation line, affecting the palm of the hand and the metacarpal bones. Incisions were made in the palm of the hand and pus and pieces of bone removed. The evidence clearly justified a finding that by reason of the infection extending from the fingers into the palm of the hand, resulting in permanent stiffening and weakening of the entire hand, increased impairment of earning capacity resulted. Medical testimony shows that the disability is permanent and is equal to 66 2-3 per cent of the loss of function of the whole hand. The claimant has been paid for impairment resulting from fingers which were amputated and fingers which were ankylosed, but we find nothing in the record showing any compensation for impairment of earning capacity resulting from the shrunken condition of the hand nor from its having become, as a result of the injury, weak and stiff. Certainly if the original injury had been the crushing of one or more fingers and then infection had set in, spreading to the hand and necessitating its amputation, the claimant would have been entitled to compensation for the loss of the hand. In the present case, while the infection spread to the palm of the hand while the physicians have been able to save the hand, it is in a weakened and partially disabled condition, and the case comes within the first paragraph of **Section 1465-80, General Code.**

It is urged, however, that the claimant has been able to earn compensation since his injury, equal to that which he was earning theretofore. We do not think the record justifies that claim. We find from the evidence that the compensation he was able to earn was materially less than he was receiving at the time of his injury.

The trial court allowed compensation in a lump sum at $1200.00, instead of making an allowance of a fixed sum per week. The claimant himself would be the only one who was prejudiced by the court's failure to make a weekly allowance for the future in addition to the sum that had accumulated up to the time of the trial.

Finding no prejudicial error the judgment will be affirmed.

Williams and Lloyd, JJ, concur.